**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01228-WJM

SCOTT NOGUCHI,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER VACATING THE DECISION
OF THE COMMISSIONER OF SOCIAL SECURITY, AND REMANDING FOR
PAYMENT OF BENEFITS**

---

This matter is before the Court on Plaintiff Scott Noguchi's appeal from the Final Decision of Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff has filed his Opening Brief (ECF No. 11), the Commissioner has filed a Response (ECF No. 14), and Plaintiff has filed a Reply (ECF No. 15). The Commissioner has also filed the administrative record with the Court. (ECF No. 7.) On November 15, 2011, this action was reassigned to the undersigned. (ECF No. 16.) After carefully analyzing the briefs and the administrative record, the Court VACATES the Commissioner's Final Decision and REMANDS for payment of benefits consistent with this Order.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

## II.  BACKGROUND

Plaintiff is currently 29 years old.  (ECF No. 7 at 149.)  He has a high school education plus two years of college and training as a forklift driver.  (*Id*. at 211.)  Plaintiff has worked in the past as a distribution supervisor, purchasing and materials supervisor, and warehouse supervisor.  (*Id*. at 203.)  He alleges disability since June 30, 2007, due to a series of progressively more debilitating conditions including heart palpations, fainting spells (syncope), chronic headaches, insomnia, bilateral hip bursitis, fibromyalgia, chronic enlarged lymph glands, kidney stones, chronic fatigue syndrome, chronic pain syndrome, peripheral neuropathy, low back pain with limitation of motion (eventually evaluated as possible ankylosing spondylitis, a form of inflammatory arthritis)[1], depression, and a cognitive disorder.  (*Id*. at 51-52, 741-42, 1067-68, 1300-01.)

After Plaintiff's application for disability insurance benefits and supplemental security income was denied, he requested a hearing before an administrative law judge.  (*Id.* at 91.)  On March 17, 2010, Administrative Law Judge James A. Wendland (the "ALJ") presided over Plaintiff's hearing.  (*Id.* at 31-80.)

On April 29, 2010, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id*. at 16-29.)  The ALJ made the following findings of fact and conclusions of law (in line with the governing five-part test to determine disability, described *infra*).  Under step one, the ALJ determined that

---

[1]  From the National Institute of Arthritis and Musculoskeletal and Skin Diseases, U.S. Dep't. of Health and Human Services http://www.niams.nih.gov/Health_Info/Ankylosing_Spondylitis (Last visited August 15, 2012).

Plaintiff did not work after his onset date, June 30, 2007. (*Id*. at 21.) At step two, the ALJ determined that Plaintiff had severe impairments consisting of "chronic fatigue syndrome vs. chronic pain syndrome," bilateral hip bursitis, central disc bulging at L4-5 and L5-S1, multilevel degenerative disc disease, and cognitive disorder not otherwise specified. (*Id*.) Under step three, the ALJ found that Plaintiff's impairments did not meet or equal any listed impairment found in 20 C.F.R. §404, Subpart P, Appendix 1, considering Listing 1.02. (*Id*. at 21-22.) Also under step three, the ALJ determined that Plaintiff had a residual functional capacity ("RFC") for sedentary level work with no more than occasional stooping, crouching, kneeling or climbing stairs and ramps; never climbing scaffolds, ladders, or ropes; never crawling or balancing; sitting no more than 30 minutes at a time, walking no more than 15 minutes at a time; no work over shoulder level; no pushing or pulling with the feet; no work at unguarded heights or around unguarded hazardous mechanical equipment; and performing work at "no more than the lower end of detailed instructions." (*Id*. at 22-23.)

Under step four, the ALJ found that Plaintiff's RFC did not allow him to return to his past relevant work. (*Id*. at 28.) However, under step five, as a result of the RFC assessment, and considering Plaintiff's age, education, and work experience, the ALJ held that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely a charge account clerk, seated production assembler, or telephone clerk. (*Id.* at 29.) The ALJ therefore found that Plaintiff was not disabled and not entitled to disability benefits.

Plaintiff appealed the ALJ's decision (*id.* at 14, 277-89), and the Appeals Council

denied his appeal in a decision dated March 23, 2011 (*Id.* at 1). He then appealed that decision by initiating this administrative appeal on May 6, 2011. (ECF No. 1.)

## III. ANALYSIS

### A. Standard of Review

A district court's review of the Commissioner's determination that a claimant is not disabled within the meaning of the Social Security Act is limited. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992). The review is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal."). Although a reviewing court should meticulously examine the record, it

may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

**B.     Evaluation of Disability**

The criteria to obtain disability insurance benefits under the Social Security Act are that a claimant meets the insured status requirements, is younger than 65 years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability. See 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id.* § 404.1520(c). At the third step, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* § 404.1520(e). At the fourth step, the claimant must show that the "impairment prevents

[him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is not able to perform his or her previous work, the analysis proceeds to a fifth step. At the fifth step, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1520(g).

**C.     Discussion**

In his briefs, Plaintiff argues, *inter alia*, that the ALJ erred because: (1) Plaintiff's physical impairments equal Listing 14.09C(2); (2) the ALJ improperly evaluated the medical evidence of record and Plaintiff's credibility; and (3) the ALJ improperly relied on vocational expert testimony to conclude that Plaintiff was not disabled. After carefully analyzing the briefs and the administrative record, the Court agrees that Plaintiff's physical impairments equal Listing 14.09C(2) under step three, and vacates and remands for payment of benefits on this basis.

The analysis of a claim at step three of the evaluation process described above requires consideration of whether a claimant has an impairment that meets or equals any Listing found at 20 C.F.R. §404, Subpart P, Appendix 1. If a claimant has such an impairment, he is deemed disabled and no further analysis is required. A claimant's

impairment "meets" a Listing if such impairment matches all of the specified criteria in one of the Listings. However, under step three, a finding of disability is also required if a claimant's impairment, or combination of impairments, "equals" a Listing. A claimant's impairment (or combination of impairments) "equals" a Listing where the impairment(s) "is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §404.1526(a). Accordingly, "medical equivalence" to a Listing is found where:

> (1) The Claimant has a listed impairment but does not have one of the required findings, or the finding is not as severe as required, but the claimant has other findings related to the impairment that are at least of equal medical significance to the required criteria, or
>
> (2) The Claimant's impairment does not appear in the Listings but it is at least of equal medical significance to a closely analogous listed impairment, or
>
> (3) The Claimant has a combination of impairments, no one of which meets a Listing, but the impairments in combination are at least of equal medical significance to a listed impairment.

*See* 20 C.F.R. § 404.1526(b).

Under the step three analysis, an ALJ may not conclude that an impairment does not equal a Listing without basing that assessment on the opinion of a medical expert. *See Sisco v. U.S. Dep't. of Health and Human Services*, 10 F.3d 739, 744 (10th Cir. 1993); *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004). Rather, well-supported, uncontradicted medical expert testimony that a claimant's impairments equal a Listing must trump a personal lay opinion that the claimant's impairment does not equal the

Listing. *See Kemp v. Bowen*, 816 F.2d 1469, 1475 (10th Cir. 1987).[2]

Here, the ALJ called a medical expert, Dr. Charles Houser, to testify at the hearing. (ECF No. 7 at 68.) Dr. Houser testified that even though Plaintiff's "evolving" ankylosing spondylitis did not exactly meet Listing 14.09C(2), it "would equal the listing when we take that [the x-ray showing limited mobility in the spine] in conjunction with the physical findings." (*Id.*) Dr. Houser supported his opinion with the medical records of Plaintiff's treating rheumatologist, Dr. Marc Cohen, who had noted: (1) Plainiff's limited forward flexion and extension, measured at one point at only 30 degrees, when the Listing requires only a limitation to 45 degrees; (2) the fact that Plaintiff was on chronic prednisone treatment with some positive response; (3) the fact that Plaintiff's medical treatment required office visits on an average of 5-6 times per month; and (4) that Plaintiff had other significant physical limitations. (*Id*. at 51-55.) Moreover, Dr. Houser cited the fact that Plaintiff had significant limitations as designated by Dr. Cohen. (*Id*. at 66-67). He testified that his opinion was not based solely on symptoms,

---

[2] More generally, an ALJ "must evaluate every medical opinion in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). While evaluating medical opinions, the ALJ must consider factors such as whether the physician personally examined the claimant, whether the physician was a treating physician, the extent to which the physician gave supporting explanations for her opinions, and the extent to which the physician's opinions are consistent with the record as a whole. See 20 C.F.R. § 416.927(d). "After considering the pertinent factors, the ALJ must give good reasons in the notice of determination or decision for the weight he ultimately assigns the opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation marks and brackets omitted). The ALJ may also rely on the reports of State agency medical consultants, even though they do not have direct contact with the claimant, if those reports are based on a review of the complete case file. *See Hamilton*, 961 F.2d at 1498 (holding that an ALJ may rely on the reports of examining physicians that are based on objective findings); *see also* 20 C.F.R. § 404.1527(f)(2) (findings by reviewing medical consultants regarding the nature and severity of a claimant's impairment are treated as expert opinions and are entitled to weight).

but on the ability to function.  (*Id*. at 58.)  Dr. Houser then concluded that the evidence demonstrated that as of February 2009, rather than June 30, 2007, Plaintiff's impairments were medically equivalent to those found in Listing 14.09C.  (*Id*. at 55.)

Medical equivalence to a Listing may be found where there are medical findings related to the impairment that are at least as severe as those required by the Listing. *See* 20 C.F.R. §404.1526(b)(1).  Here, Dr. Houser's uncontroverted testimony was that Plaintiff's physical impairments were at least as severe as required by the Listing, even though he may not have had the exact requirements of the Listing.  (ECF No. 7 at 68.) Despite Dr. Houser's testimony, the ALJ "did not find his reasoning to be persuasive," and found that Plaintiff did not have an impairment that equaled a Listing under step three.  (*Id*. at 22.)  The ALJ, however, did not offer a sufficient explanation as to why he rejected Dr. Houser's testimony, nor did he base his assessment that Plaintiff was not disabled as of February 2009 on the opinion of a medical expert.

Dr. Houser's medical opinion was well-supported by evidence in record, and it was error for the ALJ to find otherwise without a medical basis.  *See Sisco*, 10 F.3d at 744; *Barnett*, 381 F.3d at 670.  Thus, Plaintiff is disabled at step three of the above described evaluation process, and the Court will remand solely for the purpose of awarding benefits to Plaintiff from the February 2009 onset date.  *See Harris v. Sec'y. of Health and Human Services*, 10 F.3d 739, 746 (10th Cir. 1993); *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006).

Because the Court vacates and remands based on the fact that Plaintiff's physical impairments equal Listing 14.09C(2) under step three, the Court need not

address the other arguments raised by Plaintiff.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (where the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal).  The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of those arguments.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that the Commissioner's final decision is VACATED and the case is REMANDED for payment of benefits consistent with this Order.

Dated this 15th day of August, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge